IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ANTHONY DARNELL
GOLDSMITH

    Petitioner,

v.                                    CASE NO. 3:15-cv-135-MCR-GRJ

SECRETARY, FLA. DEPT.
OF CORRECTIONS,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner initiated this case by fling a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging his January 12, 2011 jury-trial conviction in Escambia County for failure of a sex offender to report a name or residence change, for which he received a 66-month sentence. (ECF No. 1.) Respondent filed the instant Motion to Dismiss Petition for Writ of Habeas Corpus. (ECF No. 22.) Petitioner has not filed a response and the time for doing so has expired.[1] The motion is, therefore, ripe for review. For the following reasons, the undersigned recommends

---

[1] Although Petitioner has been released from custody since filing his Petition, the docket reflects that Petitioner updated his address with the Court upon release. Moreover, since being released, the docket does not reflect that any mailings have been returned as undeliverable. Further, although Petitioner has been released from custody, his Petition is not moot because of the collateral consequences stemming from the nature of the crime.

that the motion to dismiss be granted and the Petition be dismissed.

## State-Court Proceedings

The procedural background of this case is established by the state court records appended to Respondent's motion. (ECF Nos. 22–22-1.) In January 2011, the State charged Petitioner with failure of a sex offender to report or register a change in permanent or temporary address in violation of Fla. Stat. § 943.0435(4). (ECF No. 22-1 at 18.) A jury subsequently found Petitioner guilty. (*Id.* at 203.) The Court sentenced Petitioner to 66 months' imprisonment and gave Petitioner credit for 135-days time served. (*Id.* at 208–10.)

On March 8, 2012, the First District Court of Appeal ("First DCA") affirmed *per curiam* without opinion, and the mandate followed on March 26, 2012. (*Id.* at 248–479.) Petitioner filed a motion for rehearing on March 25, 2012, which the First DCA denied on April 30, 2012. (*Id.* at 253–59.)

Next, on October 21, 2012, Petitioner filed what he titled a motion to vacate sentence in the circuit court. (Id. at 261–65.) He stated,

> I sent a motion of rehearing off, March 25, 2012, one to the, Attorney General Office in Tallahassee, one to the, State Attorney Office in Escambia County in Pensacola, and one to the First District Court of Appeal. No response in 6 months. I wrote, Escambia County Clerk of Court 9/25/12, with a motion of rehearing.

(*Id.* at 261.) He discussed the evidence in his case and the alleged ineffectiveness of his counsel, asked the Clerk to review his issue, and asked the Clerk to take it to Judge Terry Terrell. (*Id.* at 265.) On October 17, 2012, Judge Terrell responded to Petitioner via letter, stating:

> I am receipt of your letter dated August 25, 2012. I apologize for the delay in responding. I have reviewed the Clerk's computer docket from the First District Court of Appeal. Your Motion for Re-Hearing was denied on April 30, 2012, by that Court. You apparently misunderstand the processes of the Courts. The District Court of Appeal has an opportunity to review the decisions made by this Court, this Court has no authority to review any decisions from the District Court of Appeal. To the extent you have any available relief, it may be pursuant to Florida Rule of Criminal Procedure 3.850.

(*Id.* at 267.)

Petitioner did not file anything else until March 13, 2012 when he filed a motion to vacate sentence pursuant to Rule 3.850 in the circuit court. (*Id.* at 270–76.) The motion, however, was titled "In The District Court of Appeal Second District." (*Id.* at 270.) The motion also did not contain a statement that it was submitted under oath. A handwritten notation on the face of the motion states, "not filed in this court no action needed." (*Id.*) The circuit court's docket confirms that no action was necessary because the 3.850 motion was titled in the district court. (*Id.* at 7.) Petitioner concedes that it was titled in the wrong court in his April 28,

2013 filing to the circuit court. (*Id.* at 278.) Accordingly, Petitioner re-filed his 3.850 motion to vacate sentence in the circuit court on April 28, 2013 ("First Amended Motion"). (*Id.* at 278–86.) The circuit court struck Petitioner's motion to vacate on May 16, 2013 for failure to fully comply with the content requirements of Rule 3.850(c), including a proper oath, and for insufficiently pled claims. (*Id.* at 288–89.)

On May 27, 2013, Petitioner filed another motion for postconviction relief pursuant to Rule 3.850 ("Second Amended Motion"). (*Id.* at 291–99.) The circuit court struck Petitioner's motion on September 18, 2013 for being insufficiently pled. (*Id.* at 304–05.)

Petitioner filed an amended motion for postconviction relief on October 27, 2013 ("Third Amended Motion"), which was also struck on December 27, 2013 for being insufficiently pled. (*Id.* at 307–23, 333–34.)

Then, on February 25, 2014, Petitioner filed another amended motion for postconviction relief ("Fourth Amended Motion"). (*Id.* at 336–66.) The circuit court denied the motion to correct sentencing errors on May 8, 2014. (*Id.* at 381–88.)[2]

Petitioner provided the instant petition to Santa Rosa Correctional

---

[2] Petitioner subsequently filed various other motions prior to filing the instant petition for writ of habeas corpus. Those motions, however, are irrelevant to the issue of timeliness.

Institution ("Santa Rosa CI") personnel for mailing on March 23, 2015. (ECF No. 1.)

## One-Year Limitation Period

Petitions filed after April 24, 1996, are governed by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Penry v. Johnson*, 532 U.S. 782, 792 (2001). The AEDPA created a limitations period for petitions for writ of habeas corpus brought pursuant to § 2254:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). However, the AEDPA tolls the 1-year limitation period for the time during which a properly filed application for State

postconviction or other collateral review is pending, and may be equitably tolled in appropriate "extraordinary circumstances." § 2244(d)(2); *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000).

## Discussion

As an initial matter, because Petitioner filed his Petition after April 24, 1996, his Petition is governed by § 2254 pursuant to the AEDPA. Thus, § 2244(d)(1) governs the limitations period in which Petitioner had to file his Petition. Pursuant to § 2244(d)(1)(A), Petitioner was required to file his Petition by January 22, 2014, but failed to do so until March 23, 2015. Thus, his Petition for writ of habeas corpus is untimely.

To determine whether a petition was timely filed within one year after the conviction became final, the court must determine (1) when the prisoner filed the federal collateral petition, and (2) when the prisoner's judgment of conviction became final. *Adams v. United States*, 173 F.3d 1339, 1340–41 (11th Cir. 1999). Under the mailbox rule, a *pro se* prisoner's collateral petition is filed on the date it is delivered to prison authorities for mailing. *Id.* at 1341. A judgment of conviction becomes final when the opportunity for direct appeal of the judgment of conviction has been exhausted. *Atkins v. United States,* 204 F.3d 1086, 1089 n.1 (11th Cir. 2006). A state appellate court's *per curiam* affirmance of a conviction is

not reviewable by the Florida Supreme Court. *Jackson v. State*, 926 So. 2d 1262, 1265; *see also* Fla. Const. Art. V, § 3(b)(1). A petitioner, however, has a 90-day period in which to file a *certiorari* petition with the Supreme Court of the United States before a judgment of conviction is deemed to have become final. *Nix v. Sec'y for the Dep't of Corrections*, 393 F.3d 1235, 1237 (11th Cir. 2004). "[T]he entry of judgment, and not the issuance of the mandate, is the event that starts the running of time for seeking Supreme Court review . . . ." *Chavers v. Sec'y, Fla. Dep't of Corrections*, 468 F.3d 1273, 1275 (11th Cir. 2006).

> But if a petition for rehearing is timely filed in the lower court by any party, or if the lower court appropriately entertains an untimely petition for rehearing or sua sponte considers rehearing, the time to file the petition for writ of certiorari for all parties (whether or not they requested rehearing or joined in the petition for rehearing) runs from the date of the denial of rehearing or, if rehearing is granted, the subsequent entry of judgment.

Sup. Ct. R. 13.3.

In this case, with respect to the first *Adams* prong, Petitioner provided his Petition to Santa Rosa CI for mailing on March 23, 2015. (ECF No. 1.) Accordingly, pursuant to the mailbox rule, Petitioner is deemed to have officially filed his Petition in this Court on March 23, 2015.

As to the second prong under *Adams*, the record is devoid of any

evidence suggesting that Petitioner sought direct review of his conviction from the Florida Supreme Court. Nonetheless, because the First DCA *per curiam* affirmed Petitioner's conviction, Petitioner was not entitled to seek review from the Florida Supreme Court. *See Jackson*, 926 So. 2d at 1265. Accordingly, Petitioner received the benefit of the 90-day period because the state appellate court was the highest court in which he could seek review. *See Chavers*, 468 F.3d at 1274-75.

Looking to Petitioner's direct appeal to determine the date that Petitioner's conviction became final, Petitioner directly appealed his conviction to the First DCA, which affirmed *per curiam* without opinion on March 8, 2012, and the mandate followed on March 26, 2012. (*Id.* at 248–479.)  But because Petitioner filed a motion for rehearing, which was denied on April 30, 2012, Petitioner's 90-day period began on April 30, 2012.[3] Consequently, Petitioner's state conviction became final for AEDPA

---

[3] The Court acknowledges that it is questionable whether Petitioner's motion for rehearing was timely filed. The First DCA's order denying the motion for rehearing is devoid of any indication regarding whether the First DCA considered the motion for rehearing as timely filed. While typically, a motion for rehearing must be filed within 15 days of an order pursuant to Fla. R. App. P. 9.330(a), "Florida Courts may extend the time for motions for rehearing at their discretion, rather than applying the rule." *Van Zant v. Fla. Parole Comm'n*, 308 F. App'x 332, 335 (11th Cir. 2009). Thus, the Court cannot conclude that Petitioner's motion for rehearing was improperly filed for purposes of the AEDPA. *See id.* ("Accordingly, the failure to file the motion for rehearing within the time limit does not render Van Zant's motion improperly filed for purposes of the AEDPA."). For tolling purposes the Court must conclude that Petitioner's motion for rehearing was timely filed and triggered the 90-day period for Petitioner to file a petition

purposes on July 29, 2012, ninety days after the First DCA denied Petitioner's motion for rehearing.

After Petitioner's conviction became final for AEDPA purposes on July 29, 2012, his one-year period to file a habeas petition began running again. None of Petitioner's next three filings, however, tolled the one-year period.

To toll the AEDPA limitations period, the filing must be properly filed. *See* § 2244(d)(2). An application is properly filed "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). To be "properly filed," the application must satisfy the mechanical rules that are enforceable by the clerks. *Pace v. DiGuglielmo,* 544 U.S. 408, 415 (2005). "These [rules] usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." *Artuz*, 531 U.S. at 8. In Florida, "[t]he motion must be under oath stating that the defendant has read the motion or that it has been read to him or her, that the defendant understands its content, and that all of the facts stated therein are true and correct." Fla. R. Crim. P.

---

for writ of certiorari.

3.850(c).

Petitioner's October 21, 2012 letter to Judge Terrell did not toll the one-year time period because it was not a properly filed postconviction motion. A letter in which Petitioner asks the circuit court to review the decision of the appellate court surely is not a properly filed motion for postconviction relief. Moreover, the letter did not contain the proper oath.

Similarly, Petitioner's March 13, 2013 motion to vacate also did not toll the one-year period because the motion was titled in the wrong court and lacked the proper oath. *See Artuz*, 531 U.S. at 9 ("If, for example, an application is erroneously accepted by the clerk of a court lacking jurisdiction . . . it will be pending, but not properly filed."); *see also Sibley v. Culliver*, 377 F.3d 1196, 1203 (11th Cir. 2004) (motion for postconviction relief was not properly filed because it was delivered to the wrong court, regardless of whether the court had a duty to correct the error). Likewise, Petitioner's April 28, 2013 postconviction motion also did not operate to toll the one-year period because the circuit court struck the motion for failure to comply with Rule 3.850(c)'s content requirements, including a proper oath.

Accordingly, Petitioner's one-year clock ran un-tolled for 301 days, from July 30, 2012, until May 27, 2013, the date that Petitioner filed his Second Amended Motion. The Second Amended Motion, although

ultimately stricken for being insufficiently pled, tolled the one-year period because it was "properly filed" within the meaning of section 2244(d)(2). *See Brown v. Sec'y, Dep't of Corrections*, 530 F.3d 1335, 1337 (11th Cir. 2008) (holding that because the only deficiency in the motion was its lack of specificity—a finding that needed to be made by a judge—the motion was "properly filed" for AEDPA purposes); *Overton v. Jones*, No. 13-10172-CIV-MOORE, 2016 WL 145826, at *7 (S.D. Fla. Jan. 12, 2016) (finding that petitioner's legally insufficient motion was not a mechanical rule enforceable by the clerks, and therefore, was "properly filed" for AEDPA tolling purposes). While the Second Amended Motion was pending, Petitioner's clock remained tolled until the First DCA struck the motion on September 18, 2013. Thus, Petitioner's clock began running again on September 19, 2013.

Next, thirty-eight additional days elapsed on Petitioner's one-year clock until he filed his Third Amended Motion on October 27, 2013, for a total of 339 un-tolled days. Once the circuit court struck the petition on December 27, 2013 for being insufficiently pled, Petitioner's one-year period began again and ran un-tolled for twenty-six days until January 22, 2014—his one year deadline.

Although Petitioner proceeded to file multiple state court filings after

January 22, 2014, those filings did not revive the one-year limitation period. *See Sibley v. Culliver*, 377 F.3d 1196, 1204 (11th Cir. 2004) ("A state court filing after the federal habeas filing deadline does not revive it."). Considering Petitioner failed to file his federal habeas petition until March 23, 2015, Petitioner's petition is untimely under the AEDPA's one-year limitation period.[4]

Petitioner has offered no response regarding his failure to timely file his federal habeas petition within the one-year AEDPA limitations period. While a petitioner is entitled to equitable tolling if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing," Petitioner has not done so here. *See Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). "[T]he circumstances of a case must be 'extraordinary' before equitable tolling can be applied . . . ." *Id.* at 652. "The petitioner bears the burden of showing that equitable tolling is warranted." *Paulcin v. McDonough*, 259 F. App'x 211, 212 (11th Cir. 2007).

---

[4] Although the Court's analysis focuses on section 2244(d)(1)(A)'s one-year limitation period from "the date on which the judgement became final by the conclusion of direct review or the expiration of the time for seeking such review," none of the arguments or evidence presented suggests that Petitioner's petition is timely under §§ 2244(d)(1)(B), (C), or (D).

In this case, the only explanation Petitioner offers regarding the timeliness of his petition is in the petition itself, where he wrote:

> By order's of the court's to file motion for rehearing and disposition thereof if filed. December 29, 2014, Defendant received a letter from the District Court of Appeal in Tallahassee, said, I had 10 day's to send my motion of rehearing off to the Attorney General Office in Tallahassee, which was done January 8, 2015 and February 2, 2015, the First District Court of Appeal denied it again, because I got the letter February 9, 2015, legal mail the Attorney General Office didn't respond to the motion I sent them, January 8, 2015.

(ECF No. 1 at 20–21.) His explanation, however, is irrelevant because it concerns motions filed well after January 22, 2014. Petitioner has failed to demonstrate the requisite extraordinary circumstances to warrant equitable tolling of his AEDPA statute of limitations.[5] Accordingly, the Petition is untimely and should be dismissed.

## Certificate of Appealability

Section 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to

---

[5] As Respondent asserts, although Petitioner submitted postconviction pleadings that either did not contain the proper oath or were titled in the wrong court, those deficiencies are rather unremarkable, do not suggest extraordinary circumstances, and were entirely within Petitioner's control. "[T]he principles of equitable tolling . . . do not extend to what is at best a garden variety claim of excusable neglect." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990); *see also Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999) ("[N]either a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling.").

the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

Rule 11(a) also provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1. Respondent's Motion to Dismiss Petition for Writ of Habeas Corpus, ECF No. 22, should be **GRANTED** and the petition for writ of habeas corpus, ECF No. 1, should be **DISMISSED**.

2.     A certificate of appealability should be **DENIED**.

**IN CHAMBERS**  this 30th day of June, 2016.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.** A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.